ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN OPINION REGARDING, IN EFFECT, THE FOLLOWING QUESTIONS:
 1. IS CABLE TELEVISION SERVICE SUBJECT TO SALES TAX OR ANY OTHER STATE TAX?
 2. IS ANTENNAVISION SERVICE SUBJECT TO SALES TAX OR ANY OTHER STATE TAX?
 3. MAY A CITY IMPOSE A SALES TAX ON CABLE TELEVISION SERVICE OR ANTENNAVISION SERVICE EVEN IF THE STATE DOES NOT?
 4. WHEN WRITING A FRANCHISE AGREEMENT FOR CABLE TELEVISION OR ANTENNAVISION SERVICES, IS IT PERMISSIBLE TO INCLUDE A PROVISION STATING THAT THE FRANCHISE WILL BE SUBJECT TO FUTURE FEDERAL OR STATE LEGISLATION, IF ENACTED?
SINCE YOUR QUESTIONS RAISE ISSUES DIRECTLY ADDRESSED BY STATUTORY PROVISIONS, THIS OFFICE HAS DETERMINED THAT THEY ARE BEST ANSWERED BY AN INFORMAL OPINION. ACCORDINGLY, WHAT FOLLOWS IS THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL HERSELF.
YOUR FIRST TWO QUESTIONS ADDRESS THE STATE'S POWER TO IMPOSE A SALES TAX ON CABLE TELEVISION AND ANTENNAVISION SERVICES. AS I UNDERSTAND IT, THE KIND OF TAX ABOUT WHICH YOU ARE INQUIRING IS ONE THAT IS IMPOSED UPON SUBSCRIBERS TO CABLE TELEVISION AND ANTENNAVISION SERVICES.
THE STATE'S AUTHORITY TO IMPOSE SALES TAX IS ESTABLISHED BY 68 O.S. 1354 (1991). 68 O.S. 1354 IMPOSES A 4.5% TAX ON THE GROSS RECEIPTS AND GROSS PROCEEDS OF SALES OF PARTICULAR KINDS OF PROPERTY (INCLUDING, FOR EXAMPLE, "TANGIBLE PERSONAL PROPERTY, EXCEPT NEWSPAPERS AND PERIODICALS;" "TRANSPORTATION FOR HIRE TO PERSONS BY COMMON CARRIERS;" AND "SERVICE BY TELEPHONE OR TELEGRAPH COMPANIES TO SUBSCRIBERS OR USERS"). NEITHER CABLE TELEVISION NOR ANTENNAVISION SERVICES ARE LISTED AS PROPERTY SUBJECT TO STATE SALES TAX UNDER 1354. ACCORDINGLY, I CONCLUDE THAT SUBSCRIBERS TO CABLE TELEVISION AND ANTENNAVISION SERVICES ARE NOT SUBJECT TO STATE SALES TAX.
HOWEVER, IT SHOULD BE NOTED THAT IN CERTAIN OTHER RESPECTS, THE STATE SALES TAX IS APPLICABLE TO CABLE TELEVISION AND ANTENNAVISION COMPANIES IN THE SAME MANNER AS TO OTHER BUSINESSES. IN PARTICULAR, AS TO PROPERTY THAT IS NOT SPECIFICALLY EXEMPTED, CABLE TELEVISION COMPANIES AND ANTENNAVISION COMPANIES THAT PURCHASE PROPERTY ARE SUBJECT TO THE STATE SALES TAX IN THE SAME MANNER AS OTHER BUSINESSES.
YOUR FIRST TWO QUESTIONS ALSO ASK WHETHER CABLE TELEVISION AND ANTENNAVISION SERVICES ARE SUBJECT TO OTHER STATE TAXES. AS YOU KNOW, OKLAHOMA LAW IMPOSES UPON BUSINESSES A VARIETY OF TAXES IN ADDITION TO THE STATE SALES TAX. THESE TAXES INCLUDE INCOME TAXES, FRANCHISE TAXES AND USE TAXES. SEE 68 O.S. 1201 (1991)/68 O.S. 1401/68 O.S. 2301 ET SEQ. THESE TAXES ARE IMPOSED UPON ALL BUSINESSES (WITH SPECIFIC EXEMPTIONS) AND THUS ARE APPLICABLE TO CABLE TELEVISION AND ANTENNAVISION COMPANIES. ACCORDINGLY, IN RESPONSE TO THE SECOND PART OF YOUR FIRST TWO QUESTIONS, OTHER STATE TAXES, INCLUDING INCOME TAXES, FRANCHISE TAXES AND USE TAXES ARE APPLICABLE TO CABLE TELEVISION AND ANTENNAVISION COMPANIES.
II.
YOUR THIRD QUESTION CONCERNS THE AUTHORITY OF CITIES TO IMPOSE A SALES TAX UPON SUBSCRIBERS TO CABLE TELEVISION AND ANTENNAVISION SERVICES. THE AUTHORITY OF CITIES TO IMPOSE SUCH TAXES IS ESTABLISHED BY 68 O.S. 2701, WHICH STATES, IN PART:
 "ANY INCORPORATED CITY OR A TOWN IN THIS STATE IS HEREBY AUTHORIZED TO ASSESS, LEVY, AND COLLECT TAXES FOR GENERAL AND SPECIAL PURPOSES OF MUNICIPAL GOVERNMENT AS THE LEGISLATURE MAY LEVY AND COLLECT FOR PURPOSES OF STATE GOVERNMENT EXCEPT AD VALOREM PROPERTY TAXES. PROVIDED, TAXES SHALL BE UNIFORM UPON THE SAME CLASS OF SUBJECTS, AND ANY TAX, CHARGE, OR FEE LEVIED UPON OR MEASURED BY INCOME OR RECEIPTS FROM THE SALE OF PRODUCTS FOR SERVICES SHALL BE UNIFORM UPON ALL CLASSES OR TAXPAYERS; . . . PROVIDED, FURTHER THAT COOPERATIVES AND COMMUNICATIONS COMPANIES ARE HEREBY AUTHORIZED TO PASS ON TO THEIR SUBSCRIBERS IN THE INCORPORATED CITY OR TOWN INVOLVED, THE AMOUNT OF ANY SPECIAL MUNICIPAL FEE CHARGE OR TAX HEREAFTER ASSESSED OR LEVIED ON OR COLLECTED FROM SUCH COOPERATIVES OR COMMUNICATIONS COMPANIES. . . . PROVIDED FURTHER, THAT THE GOVERNING BODY OF ANY CITY OR TOWN SHALL BE PROHIBITED FROM PROPOSING TAXING ORDINANCES MORE OFTEN THAN THREE TIME IN ANY CALENDAR YEAR, OR TWICE IN ANY SIX MONTH PERIOD. ANY REVENUES DERIVED FROM A TAX AUTHORIZED BY THE SUBSECTION NOT DEDICATED TO A LIMITED PURPOSE SHALL BE DEPOSITED IN THE MUNICIPAL GENERAL FUND."
ACCOMPANYING STATUTORY PROVISIONS PROVIDE THAT SUCH MUNICIPAL TAXES MAY BE IMPOSED ONLY BY MEANS OF A MUNICIPAL ORDINANCE THAT IS SUBMITTED TO THE VOTERS OF THE MUNICIPALITY FOR APPROVAL. 68 O.S. 2701(B)/68 O.S. 2705. THESE STATUTORY PROVISIONS ALSO AUTHORIZE MUNICIPALITIES TO ENTER INTO CONTRACTUAL AGREEMENTS WITH THE OKLAHOMA TAX COMMISSION UNDER WHICH THE TAX COMMISSION HAS THE AUTHORITY TO ASSESS, COLLECT AND ENFORCE MUNICIPAL TAXES AND REMIT THEM TO THE MUNICIPALITIES. 68 O.S. 2702. THE OKLAHOMA SUPREME COURT HAS UPHELD MUNICIPAL ORDINANCES ESTABLISHING SALES TAXES PURSUANT TO 68 O.S. 2701. SEE BURKHARDT V. CITY OF ENID, 771 P.2D 608 (OKLA. 1989).
PURSUANT TO 68 O.S. 2701 AND CASES SUCH AS BURKHARDT, I CONCLUDE THAT A MUNICIPALITY MAY IMPOSE A SALES TAX UPON SUBSCRIBERS TO CABLE TELEVISION AND ANTENNAVISION SERVICES. THIS CONCLUSION IS SUPPORTED BY THE GENERAL LANGUAGE OF 2701 AUTHORIZING MUNICIPALITIES TO LEVY TAXES AS WELL AS THE SPECIFIC PROVISIONS OF 2701 THAT ALLUDE TO TAXES IMPOSED UPON COMMUNICATIONS COMPANIES. SIGNIFICANTLY, IN IMPOSING SUCH A TAX, A MUNICIPALITY MUST COMPLY WITH ALL STATUTORY AND CONSTITUTIONAL REQUIREMENTS REGARDING THE ASSESSMENT IN COLLECTION OF TAXES, INCLUDING THE PROMULGATION OF AN ORDINANCE ESTABLISHING THE TAX AND THE SUBMISSION OF THE ORDINANCE FOR APPROVAL TO THE MUNICIPALITY'S REGISTERED VOTERS. SEE 68 O.S. 2701(B)/68 O.S. 2705. IN ADDITION, IF THE MUNICIPALITY ENTERS INTO A CONTRACTUAL AGREEMENT WITH THE OKLAHOMA TAX COMMISSION FOR THE ASSESSMENT, COLLECTION, AND ENFORCEMENT OF THE TAX, THE MUNICIPALITY MUST COMPLY WITH THE TERMS OF THE PARTICULAR CONTRACT.
NEVERTHELESS, YOU SHOULD BE AWARE THAT THE IMPOSITION OF A TAX UPON CABLE TELEVISION AND ANTENNAVISION SERVICES MAY RAISE ISSUES INVOLVING THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION. IN PARTICULAR, SEVERAL CABLE TELEVISION COMPANIES AND SUBSCRIBERS HAVE CHALLENGED THE IMPOSITION OF TAXES ON THE GROUNDS THAT THE TAXES VIOLATED THEIR RIGHTS TO FREEDOM OF EXPRESSION UNDER THEFIRST AMENDMENT. SEE E.G. LEATHERS V. MEDLOCK, 111 S.CT. 1438
(1991); COX CABLE HAMPTON ROADS. INC. V. CITY OF NORFOLK, 410 S.E.2D 652 (VA. 1991). IN LEATHERS, THE UNITED STATES SUPREME COURT HELD THAT TAXATION OF THOSE ENGAGED IN EXPRESSIVE ACTIVITIES "IS CONSTITUTIONALLY SUSPECT WHEN IT THREATENS TO SUPPRESS THE EXPRESSION OF PARTICULAR IDEAS OR VIEWPOINTS." 111 S.CT. AT 1443. THE LEATHERS COURT IDENTIFIED THREE CIRCUMSTANCES IN WHICH SUCH A THREAT EXISTS: (1) WHEN THE TAX ONLY APPLIES TO THE PRESS; (2) WHEN THE TAX TARGETS A SMALL GROUP OF SPEAKERS; (3) WHEN THE TAX IS BASED ON CONTENT. 111 S.CT. AT 1443, 1444. IN SUCH INSTANCES THE TAX IS CONSTITUTIONAL ONLY IF IT IS JUSTIFIED BY A COMPELLING GOVERNMENTAL INTEREST.
HOWEVER, IN LEATHERS, THE SUPREME COURT CONCLUDED THAT THE EXTENSION OF ARKANSAS' SALES TAX TO CABLE TELEVISION SERVICES DID NOT VIOLATE THE FIRST AMENDMENT RIGHTS OF CABLE TELEVISION OPERATORS OR SUBSCRIBERS. THE SUPREME COURT REASONED THAT THE TAX DID NOT APPLY ONLY TO THE PRESS BUT WAS A TAX OF GENERAL APPLICATION. IN ADDITION, THE COURT FOUND THAT THE TAX DID NOT TARGET A SMALL GROUP OFFIRST AMENDMENT SPEAKERS SINCE IT APPLIED UNIFORMLY TO ALL CABLE SYSTEMS IN THE STATE. FINALLY, THE COURT FOUND THAT THE TAX WAS NOT BASED UPON THE CONTENT OF PROTECTED SPEECH. 111 S.CT. AT 1444-1455. THE SUPREME COURT OF VIRGINIA HAS FOLLOWED LEATHERS IN HOLDING THAT A 7% MUNICIPAL UTILITY TAX UPON CABLE TELEVISION SERVICES DID NOT VIOLATE THEFIRST AMENDMENT RIGHTS OF CABLE OPERATORS. COX CABLE HAMPTON ROADS. INC. V. CITY OF NORFOLK, 410 S.E.2D 652 (VA. 1991).
ACCORDINGLY, IN ORDER TO WITHSTAND FIRST AMENDMENT CHALLENGE, A MUNICIPAL SALES TAX IMPOSED UPON CABLE TELEVISION AND ANTENNAVISION SERVICES MUST SATISFY THE REQUIREMENTS SET FORTH BY THE UNITED STATES SUPREME COURT IN LEATHERS. WHETHER A PARTICULAR ORDINANCE SATISFIES THESE REQUIREMENTS DEPENDS UPON THE SPECIFIC TERMS OF THE ORDINANCE AND THE MANNER IN WHICH IT IS APPLIED. THESE ARE QUESTIONS OF FACT BEYOND THE SCOPE OF THIS OPINION. HOWEVER, ASSUMING THAT THE MUNICIPAL ORDINANCE IN QUESTION IS CONSTITUTIONAL UNDER LEATHERS, A MUNICIPALITY MAY IMPOSE A SALES TAX UPON CABLE TELEVISION AND ANTENNAVISION SERVICES.
III.
YOUR FOURTH QUESTION ASK WHETHER A FRANCHISE AGREEMENT FOR CABLE TELEVISION SERVICES MAY INCLUDE A PROVISION STATING THAT THE FRANCHISE WILL BE SUBJECT TO FUTURE, FEDERAL OR STATE LEGISLATION IF ENACTED. IN GENERAL, THE APPLICABLE LAW IS PART OF EVERY CONTRACT. BUCKLES V. WIL-MC OIL CORP., 585 P.2D 1360, 1362 (OKLA. 1978). IN ADDITION, THE COURTS HAVE UPHELD CONTRACTUAL PROVISIONS THAT EXPRESSLY REFER TO LAWS AND REGULATIONS THAT WILL BE ENACTED IN THE FUTURE. GODFREY V. MCARTHUR, 96 P.2D 322, 235-26 (OKLA. 1939). ACCORDINGLY, I CONCLUDE THAT A FRANCHISE AGREEMENT MAY INCLUDE A PROVISION STATING THAT THE FRANCHISE WILL BE SUBJECT TO FUTURE FEDERAL OR STATE LEGISLATION.
THE COX CABLE COURT DID REMAND THE CASE TO THE TRIAL COURT TO DETERMINE WHETHER THE IMPOSITION OF THE TAX UPON CABLE OPERATORS BUT NOT UPON OTHER COMMUNICATIONS COMPANIES VIOLATED THE EQUAL PROTECTION CLAUSE OF THEFOURTEENTH AMENDMENT. 410 S.E.2D AT 656.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT:
 1. SUBSCRIBERS TO CABLE TELEVISION AND ANTENNAVISION SERVICES ARE NOT SUBJECT TO STATE SALES TAXES;
 2. OTHER STATE TAXES, INCLUDING INCOME TAXES, FRANCHISE TAXES, AND USE TAXES ARE APPLICABLE TO CABLE TELEVISION AND ANTENNAVISION COMPANIES;
 3. A MUNICIPALITY MAY IMPOSE A SALES TAX UPON CABLE TELEVISION AND ANTENNAVISION SERVICES; HOWEVER, IN ORDER TO BE CONSTITUTIONAL, SUCH A TAX MUST NOT THREATEN TO SUPPRESS THE EXPRESSION OF PARTICULAR IDEAS AND VIEWPOINTS;
 4. A FRANCHISE AGREEMENT MAY INCLUDE A PROVISION STATING THAT THE FRANCHISE WILL BE SUBJECT TO FUTURE FEDERAL OR STATE LEGISLATION.
(RABINDRANATH RAMANA)